UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERI NICOLE BROCK, Plaintiff, v. LANCE RICHARD WINTER et al., Defendants. | Case No. 25-13199<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 61, 62), ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 58), AND DENYING PLAINTIFF'S MOTIONS FOR TRO (ECF NOS. 2, 11, 17)**

## I. Introduction

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendations ("R&R"). ECF No. 58. The R&R recommends the Court deny plaintiff Teri Brock's ("Brock") emergency motion for temporary restraining order (ECF No. 2), amended emergency motion for temporary restraining order (ECF No. 11), and emergency motion for expedited temporary restraining order hearing (ECF No. 17).

Brock filed timely objections,[1] and defendants filed a response. ECF Nos. 61, 62, 66.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

[1] Brock filed her initial objections (ECF No. 61) on May 22, 2026. On May 27, 2026, Brock filed what appears to be an amended version of her objections. ECF No. 62. Although not titled as such, the Court will accept ECF No. 62 as Brock's amended objections and will refer to that filing throughout this decision.

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . .that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments

presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## III. Analysis

The R&R includes a comprehensive recitation of the facts which the Court will not repeat here. However, before the Court addresses Brock's objections, it must first address her request for leave to supplement the record in which she seeks to include multiple exhibits in support of her objections. ECF No. 62, PageID.1510. She alleges "[e]ach was either created after the matter was before the Magistrate Judge or became material only in light of the R&R's findings." *Id.* But arguments raised for the first time to the district court on objection are generally forfeited when not first presented to the magistrate judge. *See AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (explaining that petitioner waived claims raised for the first time in his objections to the R&R); *Little v. Williams*, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025)

("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation.") (collecting cases); *Daniel v. Fighter-Daniel*, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were never presented before the magistrate judge, they are not considered here.") (internal citation omitted).

Because Brock's arguments are not properly before the Court, her request to supplement the record is denied and the Court will not consider the proposed exhibits in its decision.

**A. Objection 1**

Brock first argues that the R&R erred in concluding that she failed to show a likelihood of success on the merits because the magistrate judge did not "fully engage with the repeated falsehoods and rejected emergency efforts documented in the record." ECF No. 62, PageID.1517. This objection lacks merit. The R&R makes clear that the magistrate judge reviewed the entire record when it found that Brock is not likely to succeed on the merits because: (1) she has not made a strong showing that the Arizona court lacked jurisdiction, nor that the decisions handed down in the Michigan state courts were flawed, fraudulently obtained, or in violation of

the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, ("PKPA"); (2) the evidence she presented supporting the time she spent in Michigan was not inconsistent with the state courts' rulings in Arizona and Michigan; (3) even if the Arizona orders were "void," Brock has failed to show that the City or its employees knew they were void at the time of her prosecution; and (4) she has not met the heavy burden of showing that any of the *Younger* exceptions apply to her case. ECF No. 58, PageID.1429–35.

Brock supports her position to the contrary by relitigating the same issues and bringing the same arguments that were presented to the magistrate judge. Because objections that merely restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), Brock's first objection must be overruled.

**B. Objection 2**

Next, Brock asserts the R&R improperly concluded that she did not "specifically detail" fraud or material falsehoods used against her by defendants in the custody dispute. She supports her position by relying on information contained in exhibits that were not presented to the magistrate

judge. Furthermore, Brock, for the first time, makes the argument that law enforcement failed to verify the warrant. These arguments and exhibits were not presented to the magistrate judge, and thus the Court deems them waived. *See supra.* This objection will be overruled.

**C. Objection 3**

In her third objection, Brock argues the R&R did not adequately address the City's press release: "Footnote 3 acknowledges that the City of Southfield issued a press release stating [Brock] 'has had parental rights removed and Winter is the sole guardian' of T.W. The R&R recites [Brock]'s contention that the statement was false and does not return to it." ECF No. 62, PageID.1524. But in her motions for TRO, Brock did not argue that the press release was the source of her harm and thus warrants the relief she is seeking, and courts are not permitted to conjure up arguments that pro se litigants fail to coherently articulate. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) ("[T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.") (citation omitted).

Again, because Brock failed to bring this argument before the magistrate judge, the Court will deem it waived. *See supra.* Objection 3 is overruled.

**D. Objection 4**

Next, Brock asserts that the R&R's analysis regarding exceptions to abstention under *Younger* was incomplete. There are three exceptions to *Younger* where a federal court should not abstain from hearing a case despite *Younger* abstention otherwise being appropriate:

> The first is where "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200. The second is where "the challenged statute is flagrantly and patently violative of express constitutional prohibitions." *Moore*, 442 U.S. at 424, 99 S. Ct. 2371 (quoting *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200). And third, the federal court should not abstain where there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975).

*Aaron v. O'Connor*, 914 F.3d 1010, 1019 (6th Cir. 2019). "These exceptions have been interpreted narrowly." *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)). Brock argues that the first circumstance is present such that abstention is inappropriate. ECF No. 62, PageID.1526.

She bears the burden of demonstrating the presence of such circumstances. *See Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006).

Cases involving the first exceptional circumstance—proceedings motivated by a desire to harass or conducted in bad faith—are "exceedingly rare." *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 539 (6th Cir. 2001). Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Helfant*, 421 U.S. at 124; *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). Brock has not alleged anything to demonstrate that the pending criminal case against her in the 46th District Court was initiated without a reasonable expectation of obtaining a judgment and enforcing that judgment against her.

Further, Brock does not explain why these issues could not be raised on appeal. State courts "are presumed to 'provide[ ] the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " *Frost v. Nessel*, 2025 WL 1136288, at *6 (6th Cir. Apr. 17, 2025) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n.7 (1977)). Although Brock's state court case is still pending, if she is ultimately convicted, she does not call into question the competency of the state court to consider her challenges to

her conviction. Thus, the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Frost*, 2025 WL 1136288, at *7 (quoting *Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987)). As such, Brock has not established bad faith sufficient to warrant federal intervention in the ongoing state judicial proceedings, and the magistrate judge did not err in his conclusion that abstention under *Younger* is appropriate. This objection is overruled.

**E. Objection 5**

In her fifth objection, Brock argues that the R&R improperly analyzed irreparable harm and erred in its conclusion that the separation from her child "cannot be unlawful because likelihood of success is not shown." ECF No. 62, PageID.1527. But Brock misinterprets the R&R's findings. The magistrate judge found Brock failed to show that irreparable injury is imminent because she has not asserted that her bond has been revoked and that she has been re-incarcerated; nor has she shown that her separation from her child could be considered unlawful. Brock has asserted throughout her filings that the proceedings in Arizona resulted in a "complete legal severance" of all physical, written, verbal, virtual, and electronic communication with her child. ECF No. 58, PageID.1436. The

R&R concluded that because (1) Brock has not shown a likelihood of success on her *claims that the Arizona court lacked jurisdiction over the custody dispute* (2) she cannot show she is being *unlawfully* deprived of her interest in raising her minor child. ECF No. 58, PageID.1436. Although Brock disagrees with the magistrate judge's assessment of her likelihood of success on the merits, Brock's objection fails to identify any factual or legal error by the magistrate judge. Where a movant is unlikely to succeed on the merits, "there is little reason for a court to take the drastic step of enjoining the opposing party at the onset of a suit." *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024). Brock's objection is properly denied.

**F. Objection 6**

Finally, Brock objects to the R&R's analysis regarding the harm issuing a TRO would cause defendant Winter, and the "public-interest presumption" of favoring enforcement of state court orders. ECF No. 62, PageID.1528. She argues that "[t]he integrity of the judicial system depends on refusing to give effect to orders that rest on a disputed and documentarily refuted factual predicate. Allowing such orders to stand unchallenged would encourage forum-shopping, reward misrepresentation,

and undermine confidence in the fairness of the process. By contrast, maintaining the status quo pending de novo review protects the child, protects the parent-child relationship, and protects the Court's own institutional interest by not enforcement potentially voice or fraud-tainted orders." ECF No. 62, PageID.1528-29. This argument does not raise a proper objection. "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDriver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted); *see also Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343 (6th Cir. 2015) ("rehashed" argument insufficient to raise a proper objection).

Brock's objection fails to pinpoint any legal or factual error in the R&R. As a result, the Court finds that her objection fails to articulate a meritorious, sustainable objection, and it is overruled. *See Arroyo v. Comm'r of Soc. Sec.*, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) ("[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate

Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.").

Because all of Brock's objections will be overruled, the R&R will be adopted as this Court's own opinion.

## IV. Conclusion

Accordingly, the Court **OVERRULES** Brock's objections (ECF Nos. 61, 62), **ADOPTS** the R&R (ECF No. 58), and **DENIES** her motions for a temporary restraining order (ECF Nos. 2, 11, 17).

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 30, 2026